UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.   11-cr-00130-WYD

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  NICHOLAS BROOKS RACE,

      Defendant.

---

## ORDER

---

      THIS MATTER is before the Court in connection with a review of the file.  Trial is currently set to commence on Tuesday, July 5, 2011, and a Final Trial Preparation Conference is set for Friday, June 24, 2011 at 4:00 p.m.  On June 21, 2011, Defendant filed a Motion to Exclude Proffered Evidence of Scientific Testing and a separate Response to "United States' Notice Regarding Trial Scheduling", which Notice was filed on June 17, 2011.  On June 22, 2011, Defendant filed a Motion to Exclude Proffered F.R.E. 404(b) Evidence.

      The Motion to Exclude Proffered Evidence of Scientific Testing, the United States' Notice Regarding Trial Scheduling and the Response thereto relate to laboratory testing being conducted at the request of the Government.  The Government explained in its Notice that it intends to rely at trial on the testimony of a forensic scientist at the Denver Police Department Crime Laboratory who will be performing laboratory tests on the mixture and substance recovered from Defendant to confirm that it contains a

controlled substance.  The Government advises that the laboratory anticipates that it will complete its testing and issue a report by no later than June 24, 2011.  The Government recognizes in its Notice "that the anticipated production of the laboratory report on or before June 24, 2011 will not leave Defendant or his very experienced attorney with an abundance of time to consider the report prior to the July 5, 2011 start of trial."  (United States' Notice at 2-3.)  Accordingly, the Government states that it will not oppose a defense motion to exclude time from the speedy trial deadlines and continue the scheduled trial to allow Defendant time to review the report.

In response to the Notice, Defendant asserts that the Government has conceded that it has not complied with its obligation under Fed. R. Crim. P. 16(a)(1)(F) in connection with the lab analyses, and that it was required to produce all Rule 16 materials by May 4, 2011.  Defendant also points out that without any reference to Rule 16, the Government submits that he should shoulder the burden of its failure to produce the evidence by moving to exclude time under the Speedy Trial Act.  He argues that the Notice begs two questions for the Court:  1) whether the Court will grant the Government leave to disclose laboratory testing of the mixture or substance out of time, and 2) if late disclosure is permitted, whether the Court will permit the introduction of the results of the testing at trial.  Defendant concludes in his response that notwithstanding the Government's attempt to style the pleading as a "Notice," it should be considered a pretrial motion as it requires a pretrial determination of evidentiary issues.  Defendant then addresses these pretrial evidentiary issues in more detail in his separately filed Motion to Exclude Proffered Evidence of Scientific Testing.

I find that Defendant's Motion to Exclude Proffered Evidence of Scientific Testing and the issues raised in the Government's Notice and Response thereto as well as Defendant's Motion to Exclude Proffered F.R.E. 404(b) Evidence toll the speedy trial deadlines.  18 U.S.C. § 3161(h)(1)(D) excludes from the speedy trial clock, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  This subsection "written in the disjunctive, excludes time in two situations."  *Henderson v. United States*, 476 U.S. 321, 329 (1986).  The first situation arises when a pretrial motion requires a hearing. "The second situation covers motions that require no hearing."  *Id.*

I find that the motions filed by Defendant in conjunction with the issues raised in the Government's Notice and Defendant's Response thereto require a hearing as they require resolution of several legal issues by the Court.  "Whether to conduct a hearing [on a motion] is in the sound discretion of the district court, and if a hearing is conducted, the time until the hearing is excluded under the Speedy Trial Act."  *United States v. Smith*, 569 F.3d 1209, 1212 (10th Cir. 2009).  Accordingly, I find that the speedy trial deadlines are tolled through the date of a hearing.  I also find that the motions cannot be briefed and heard before the trial set for July 5, 2011, and therefore vacate the trial and the final trial preparation conference set June 24, 2011.

Based upon the foregoing, it is

ORDERED that the speedy trial deadlines are tolled pursuant to 18 U.S.C. § 3161(h)(1)(D) since pretrial motions are pending that have not yet been heard or decided.  It is

-3-

FURTHER ORDERED that the three-day jury trial set to commence on Tuesday, July 5, 2011, and the final trial preparation conference set for Friday, June 24, 2011, at 4:00 p.m. are **VACATED**.  Finally, it is

ORDERED that on or before **Wednesday, June 29, 2011**, the parties shall contact Chambers to set a hearing date on the motions and pending issues as well as new dates for the trial and final trial preparation conference.

Dated:  June 23, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge